UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23701-GAYLES/TORRES

**A.B., a minor, by and through her
Parents and natural guardians,
C.B. and S.B.,**

    Plaintiff,

v.

**CARNIVAL CORPORATION & PLC,**

    Defendant.
_____/

# ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (the "Motion"). [ECF No. 8]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## BACKGROUND[1]

### I.  Factual Background

This action arises from injuries that Plaintiff A.B. sustained while onboard a vessel (the "Ship") owned and operated by Defendant Carnival Corporation & PLC ("Defendant"). [ECF No. 1]. On September 30, 2022, as Plaintiff was exiting her cabin's bathroom, the door slammed into her right hand and crushed her thumb. *Id.* ¶ 15. At that time, the Ship was in choppy waters due to Hurricane Ian and was unable to dock. *Id.*

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

Plaintiff alleges a laundry list of "risk creating conditions" that caused the door to slam on her hand including: Hurricane Ian; choppy water; violent rocking of the Ship; the inability to dock; the unreasonably heavy, sharp, and/or uncontrollable door; flaws in Defendant's weather detection system; Defendant's failure to deploy stabilizer fins to stop the rocky movement of the ship; and other dangerous conditions that purportedly would be revealed during discovery (the "Risk Creating Conditions"). *Id.* ¶ 17. Plaintiff also alleges, without detail, that Defendant had actual or constructive notice of the Risk Creating Conditions because it knew or should have known (a) that Hurricane Ian was headed in the Ship's direction; (b) about design defects in the weather detection system, stabilizer fins, and bathroom door; (c) that it installed or refitted similar weather detection systems, stabilizer fins, and bathroom doors to make them less dangerous on other unnamed ships at unspecified times; (d) of unnamed safety standards; (e) that it failed to adequately inspect the storm[2] and bathroom door prior to the incident; (f) about prior incidents involving similar storms and doors; and (g) about other reasons that would be disclosed during discovery. *Id.* ¶ 19.

## II.    Procedural History

On November 10, 2022, Plaintiff filed this action against Defendant, alleging negligent failure to inspect (Count I), negligent failure to maintain (Count II), negligent failure to remedy (Count III), negligent failure to warn of dangerous condition (Count IV), negligent design, installation, and/or approval of the subject weather detection system, the subject stabilizer fins, the subject door, and the vicinity (Count V), and negligence for the acts of carnival's crew, staff, employees, and/or agents, based on vicarious liability (Count VI). *Id*. Defendant now moves to dismiss for failure to state a claim. [ECF NO. 8]. In particular, Defendant argues that Plaintiff fails

---

[2] It is unclear to the Court how Defendant would "inspect" a storm.

to adequately allege actual or constructive notice and fails to plead a claim for vicarious liability. *Id.* The Court agrees.

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

## ANALYSIS

### I. Plaintiff Fails to Adequately Allege Claims for Negligence

To bring a maritime negligence claim, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). "This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a risk creating condition . . . ." *Holland v. Carnival Corp.*, 50 F. 4th 1088,

1094 (11th Cir. 2022) (internal quotation omitted). Therefore, "a shipowner's actual or constructive knowledge of the hazardous condition arises as part of the duty element in a claim seeking to hold the shipowner directly liable for its own negligence." *Id.* "Actual notice exists when the defendant knows of the risk creating condition" *Bujarski v. NCL*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016). "Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Id.* (internal quotation omitted). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Newbauer v. Carnival Corp.*, 26 F. 4th 931, 935 (11th Cir. 2022).

The Court finds that Plaintiff fails to allege with sufficient particularity that Defendant had actual or constructive notice of the risk-creating conditions that caused her injury. Indeed, all of Plaintiff's allegations regarding notice are conclusory and lack any detail about how Defendant knew or should have known that the Risk Creating Conditions existed. For example, Plaintiff generally alleges design defects in the weather detection system, stabilizer fins, and bathroom door without providing any specifics about the nature of the defects or how those defects caused the door to slam on Plaintiff's hand. Similarly, Plaintiff alleges Defendant knew or should have known about "safety standards" without even naming the standards. Moreover, Plaintiff provides a list of prior cases purportedly involving storms or doors but fails to provide any detail about the facts in those cases or explain how those cases are factually similar to this action. This simply is not enough

to plausibly allege actual or constructive notice. Accordingly, Counts I-V are dismissed without prejudice.[3]

## II. Plaintiff Fails to Allege Vicarious Liability

Defendant also argues that Plaintiff's claim for vicarious liability, Count VI, is really a claim sounding in direct liability. The Court agrees. While Plaintiff states that "the captain and/or other crewmembers" made the decision to sail during Hurricane Ian, she fails to provide any detail about the captain or other crewmembers. Without more, Plaintiff's claim for vicarious liability must be dismissed. *See Holland*, 50 F. 4th at 1094-95 (holding that claim for vicarious liability was insufficiently pled where the plaintiff failed to identify a specific crewmember whose negligence caused the plaintiff's injury). Accordingly, Count VI is dismissed without prejudice.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, [ECF No. 8], is granted.

2. Plaintiff's Complaint [ECF No. 1] is DISMISSED without prejudice.

3. This case is CLOSED for administrative purposes and all pending motions are DENIED as moot.

4. Plaintiff may move for leave to amend her Complaint on or before June 5. 2023.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Tuesday, May 23, 2023, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[3] Although Defendant's Motion focuses on how Plaintiff fails to allege actual or constructive notice, the Court notes that Plaintiff also fails to allege with the requisite particularity how most of the alleged Risk Creating Conditions caused a bathroom door to slam shut on Plaintiff's hand.